IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD C. BARTON

    Petitioner,

v.                                           Case No. 3:23cv24699/TKW/MAL

UNITED STATES OF AMERICA

    Respondent.
_____/

## AMENDED REPORT AND RECOMMENDATION[1]

Petitioner, a federal prisoner proceeding pro se, initiated this case by filing a document styled "Administrative Law Complaint." ECF No. 2. In his submission, Petitioner asserted he had not received First Step Act (FSA) credits he claimed were due to him and he was entitled to immediate release from custody. Title 28 U.S.C. § 2241 gives this Court jurisdiction to consider such a claim. Therefore, to preserve Petitioner's rights, the "Administrative Law Complaint" (which offered no identifiable basis for jurisdiction) was docketed as a petition for writ of *habeas corpus*.

On November 16, 2023, the undersigned entered an order directing Petitioner to file an amended habeas petition on the proper court form and submit either a

---

[1] This recommendation has been amended to reflect receipt of Petitioner's Letter to the Court styled as a "Notice of Default," ECF No. 8, which was docketed after the original Report and Recommendation.

motion to proceed in forma pauperis or the $5.00 filing fee. In response to that order, Petitioner submitted a letter to the Clerk. In his letter, Petitioner complained about the "recharacterization" of his complaint and the requirement that he pay a filing fee, and he asks that his submission "be docketed for hearing," ECF 5 at 1.

The Court entered an order advising Petitioner that other than § 2241, there was no discernable jurisdictional basis for Petitioner's complaint. The recharacterization of Petitioner's Administrative Law Complaint as a habeas petition was an effort to afford Petitioner the merits review he seeks. Petitioner was advised that despite the latitude afforded to pro se litigants, even they are obliged to follow the rules and orders of the court. In the vast majority of cases, pro se litigants are required to use a court-approved form, and in <u>all</u> cases the matter of the filing fee must be resolved, either through remittance of same or by filing a motion for leave to proceed in forma pauperis, before a case will be considered on its merits.

Petitioner was instructed that if he did not want to proceed in accordance with the Court's rules, he could choose to voluntarily dismiss this case without prejudice. Alternatively, he was warned if he failed to respond or to comply with the Court's order, the Court would dismiss the case sua sponte. Petitioner's Letter addressed to the undersigned does not evidence an intent to either cure the defects or voluntarily dismiss his case.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's Administrative Law Complaint, construed as a petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on January 10, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal</u>

<u>use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.